**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-60172**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**HERIBERTO RUIZ, also known as Heriberto Echeverry,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**USDC No. 3:97-CV-148-B-N**

---

**February 18, 1999**

Before KING, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Pursuant to a Certificate of Appealability, Heriberto Ruiz appeals the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Concerning the underlying convictions and sentences, *see United States v. Ruiz*, 987 F.2d 243

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1993).

Ruiz contends that his indictment and his sentences were multiplicious and violated the Double Jeopardy Clause; and that his convictions for both conspiracy and the predicate offense also violated that clause.

Even assuming that Ruiz could demonstrate cause and prejudice, in order to hurdle the procedural bar raised by the Government district court and here, Ruiz's claims fail.  For the first claim, the Double Jeopardy Clause was not violated because two separate conspiracies existed.  *See **United States v. Cihak***, 137 F.3d 252, 258 (5th Cir.) (citing **United States v. Marable**, 578 F.2d 151, 154 (5th Cir. 1978)), *cert. denied,* 119 S.Ct. 118, 203 (1998).  For the second claim, the Double Jeopardy Clause was not violated when Ruiz was convicted of both conspiracy and the predicate offense.  *E.g,* **United States v. Felix**, 503 U.S. 378, 389 (1992).

                                                    ***AFFIRMED***